## FLOWER vs. MILLAUDON.

#### ON A RE-HEARING.

The acceptance of accounts by the party to whom rendered, is *prima facia* evidence of their correctness, and it is for him to show errors. The burden of proof is on him.

*Grymes*, for the defendant and appellee, being dissatisfied with the rejection of several material items in the defendant's account, prayed the court for a re-hearing.

*Judge Watts*, then at the bar, representing the plaintiff in part, who was also dissatisfied with the judgment, submitted various points on which a re-hearing was asked, in case a re-hearing was granted to the defendant.

A re-hearing under these circumstances was ordered by the court.

And now at the July term, 1841, the following judgment was pronounced, re-affirming the first or previous one.

*Eustis & Potts*, for the plaintiff.

*Grymes*, for the defendant.

*Bullard, J.* delivered the opinion of the court.

A re-hearing having been allowed in this case, it has again been argued and considered by the court.

FLOWER
vs.
MILLAUDON.

The principles of law, which after much reflection the court regarded as applicable to the case, have not been strenuously combatted on the last argument. The usurious character of the first agreement, by which the plaintiff in reconvention stipulated for ten per cent. interest on his advances, *and* one-third of the profits of the concern, appears to us clear, and consequently all the interest and profits charged, which have not been paid, were rejected ; but a balance having been settled in cash on the 10th of November, 1823, we held that the accounts previous to that period could not be opened. Much has been said to satisfy us that the accounts between the parties are correctly stated in the numerous statements accompanied by vouchers, which are found in the record. Undoubtedly the acceptance of those accounts by Flower is *prima facia* evidence of their correctness, and it is for him to show errors. The burden of the proof is upon him. With respect to the Nolte note, which is the heaviest item, growing between the years 1824 and 1831, from a real capital of $10,000, at an interest of ten per cent. upon eleven thousand and compound interest added annually, to upwards of nineteen thousand dollars, the evidence is entirely satisfactory. The note for $733 33, shown to have been given for interest and the charge for re-draft by Le Roy, Bayard & Co., disproved by the account current of that house with Millaudon, were rejected. But the commissions charged, to which the acting partners had assented, were regarded by us as binding on the appellant. Taking the report of the experts as showing correctly the various items of interest and profits and rejecting such as according to the above principles were objectionable, and allowing Flower all the credits to which he shows himself entitled, and which in general are not contested, but were imputed to the over-charges of usurious interest and profits, we found the amount for which the first judgment was rendered. We have not been convinced that we came to an

The acceptance of accounts by the party to whom rendered, is *prima facia* evidence of their correctness, and it is for him to show errors.— The burden of proof is on him.

erroneous conclusion, or that there is any material mistake in the calculation.

The part of the case which has been most earnestly contested is that which relates to the additional credit claimed by Flower on account of the slaves sold by the sheriff under an order of seizure and sale. We are unanimously of opinion that the credit was properly allowed in the judgment first pronounced. All the circumstances of the case, especially the facts, that the order of seizure was obtained by consent of parties, that the slaves were in possession of Millaudon, that the sale was without appraisement, and that there had been a previous agreement as to the price, and a delivery of the slaves and an understanding that there should be a sheriff's sale in order to cut off mortgages subsequent to that of Millaudon, all these circumstances satisfy us that Flower was not to lose by the sheriff's sale and that it was resorted to by mutual consent, as the means by which an unincumbered title could be given.

On the other hand, the correctness of our judgment by which we held the appellant liable to Millaudon for the sum recovered of him as a secret partner of the commercial firm has been combatted. But upon mature consideration we are not satisfied that we were in error.

It is therefore ordered that the judgment first rendered remain undisturbed.